BRIAN R. DONNELLY, ESQ. (#008581976)
913 Route 23
Post Office Box 275
Pompton Plains, N.J.  07444
(973) 839-0300
brd@donnellynjlaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Plaintiff
Robert Morgan

Case # 2:21-CV-10467

vs.

Defendants
GEM RECOVERY SYSTEMS

**ANSWER**

The Defendant, AWAR HOLDINGS, INC. d/b/a GEM RECOVERY SYSTEMS, incorrectly named as GEM RECOVERY SYSTEMS, by way of answer to the Complaint says:

1. Denied.

2. Denied.

3. Denied.

4. The Defendant admits that jurisdiction is proper under the cited statute, but denies that it has committed any act, omission or violation of the statute or that the Plaintiff is entitled to relief.

5. The Defendant admits that venue is proper under the cited statute, but denies that it has committed any act, omission or violation of the statute or that the Plaintiff is entitled to relief.

6. Defendant has insufficient information to affirm or deny the allegations of this paragraph and therefore denies same.

7. It is admitted that the Defendant is a debt collector that collects debts due to another. The remaining allegations of this paragraph are denied.

8. Except to admit the case involves a "Gem Recovery collections account" due to the named creditor, the allegations of this paragraph are denied.

9. Denied.

10. This paragraph contains no factual allegations, but consists of argument and general conclusions of law to which the Defendant cannot respond. To the extent that any statements contained in this paragraph may be construed to impose liability on the Defendant, such allegations are denied.

11. Defendant has insufficient information to affirm or deny the allegations of this paragraph and therefore denies same.

12. This paragraph contains no factual allegations, but consists of argument and general conclusions of law to which the Defendant cannot respond. To the extent that any statements contained in this paragraph may be construed to impose liability on the Defendant, such allegations are denied.

13. This paragraph contains no factual allegations, but consists of argument and general conclusions of law to which the Defendant cannot respond. To the

extent that any statements contained in this paragraph may be construed to impose liability on the Defendant, such allegations are denied.

14. Denied.

15. Defendant has insufficient information to affirm or deny the allegations of this paragraph and therefore denies same.

## COUNT I

16. The Defendant repeats its answers to the incorporated allegations of the preceding paragraphs as if set forth in full.

17. This paragraph contains no factual allegations, but consists of argument and general conclusions of law to which the Defendant cannot respond. To the extent that any statements contained in this paragraph may be construed to impose liability on the Defendant, such allegations are denied.

18. Denied.

19. Denied.

20. Denied in that the Defendant did not receive a dispute letter concerning the debt.

21. Defendant has insufficient information to affirm or deny the allegations of this paragraph and therefore denies same.

22. Denied.

23. The Defendant admits that the Plaintiff is seeking the stated relief, but denies that it has committed any violation of the statute or that the Plaintiff is entitled to relief.

24. Defendant has insufficient information to affirm or deny the allegations of this paragraph and therefore denies same.

25. It is admitted that Defendant is a debt collector. The remaining allegations of this paragraph are denied.

## FIRST AFFIRMATIVE DEFENSE

Each, and every allegation of the Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

While not admitting any liability to the Plaintiff on the grounds set forth in the complaint, the Defendant states that the claims set forth in the Complaint are barred to the extent that any violation of the statutes cited by the Defendant, which the Defendant denies, were *de minimus*, not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

While not admitting any improper conduct, the Defendant states that the Plaintiff suffered no concrete injury related to conduct of the Defendant, and is barred from standing to sue, or obtaining relief under the statutes cited by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Defendant reserves its right to seek reasonable attorneys' fees and costs on finding that this action was brought in bad faith and for the purpose of harassing the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from relief upon the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery upon the doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by the Plaintiff were the result of the acts or omissions of the Plaintiff or third parties over whom this Defendant has no control.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant fully complied with all statutory and regulatory provisions pertaining to its conduct in its dealing with Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Recovery on the claims asserted against this Defendant is barred or diminished by the acts or omissions of the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff has suffered no concrete loss or injury entitling him to relief against this Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injury suffered by the Plaintiff was the result of Plaintiff's own actions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Waiver and Estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

The recovery of the Plaintiff is barred or diminished as a result of the failure of the Plaintiff to mitigate his damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

No dispute letter was received by the Defendant from this Plaintiff and the Defendant had no obligation to take any action in the absence of such dispute.

### FIFTEENTH AFFIRMATIVE DEFENS

Any alleged actions or omissions of the answering Defendant, which Plaintiff claims for the basis of its causes of action, were not malicious, intentional, willful, reckless, negligent or wanton, nor were they likely to deceive or mislead even the most unsophisticated consumer.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all defenses available under the Fair Debt Collection Practices Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any alleged actions or omissions of the answering Defendant, which Plaintiff claims for the basis of its causes of action, were not malicious, intentional, willful, reckless, negligent or wanton.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is able to adequately plead a violation of the FDCPA, his entitlement to statutory damages is capped at $1,000 per action, not per violation or per defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

Declaratory relief is unavailable to private litigants for claims premised on the FDCPA. Additionally, in the event Plaintiff seeks declaratory relief premised on the

Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), to circumvent the purposeful exclusion of declaratory relief under the FDCPA, and Plaintiff's attempt to seek declaratory or injunctive relief should be dismissed or withdrawn. Therefore, Plaintiff's efforts to seek declaratory relief by circumventing the FDCPA through application of the Federal Declaratory Judgment Act, as set out in 15 of the Complaint, fails as a matter of law and should be withdrawn, stricken or dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

All statements made by the Defendant in communications with the Plaintiff were true and correct factual statements.

**WHEREFORE**, the Defendant requests that the Complaint be dismissed with prejudice and the court grant such other and further relief as may be required by the interests of justice, including without limitation, costs of defense and a reasonable attorney's fee.

/s/Brian R. Donnelly
BRIAN R. DONNELLY (#008581976)
ATTORNEY FOR DEFENDANT
913 Route 23
PO Box 275
Pompton Plains, NJ 07444
973-839-0300
Facsimile 973-839-1028
email:brd@donnellynjlaw.com

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge or belief, no other action or arbitration proceeding is contemplated.  Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action.  In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

/s/Brian R. Donnelly
BRIAN R. DONNELLY

## **CERTIFICATION**

I certify that confidential personal identifiers have been redacted from documents now submitted in the future.

/s/Brian R. Donnelly
BRIAN R. DONNELLY

DATED: June 10, 2021